Ashley R. Cadotte, OSB #122926
Ashley Cadotte Law, LLC
ashley@ashleycadottelaw.com
2905 NE Broadway St.
Portland, OR 97232
Telephone: (971) 804-0898

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:25-cr-00433-AB |
| v. | VICTIM'S NUNC PRO TUNC MOTION TO QUASH SUBPOENAS AND OPPOSITION TO PERMITTING SERVICE OF SUBPOENAS FOR PERSONAL OR CONFIDENTIAL INFORMATION UNDER RULE 17(c)(3) |
| JORDAN JAMES SCOTT, | |
| Defendant. | |

The victim in this case, Adult Victim 1 (AV1), asks this Court to quash any subpoenas that have been issued in this case in violation of the notice requirements of Federal Rule of Criminal Procedure 17(c)(3).  Because AV1 did not receive notice, this motion is seeking nunc pro tunc relief to protect her rights to privacy, to be treated with fairness, dignity and respect, and her right to protection, as all are implicated by the exposure of her confidential medical and mental health records to her abuser.

## A.      STATEMENT OF FACTS

The defendant is indicted for crimes of domestic violence against AV1. The indictment alleges an incident date of September 21, 2025.

**VICTIM'S NUNC PRO TUNC MOTION TO QUASH SUBPOENAS AND OPPOSITION TO PERMITTING SERVICE OF SUBPOENAS FOR PERSONAL OR CONFIDENTIAL INFORMATION UNDER RULE 17(c)(3)**          **Page 1**

Defense made an initial subpoena request on March 23, 2026, in which defense requested the court to allow issuance of subpoenas to "third parties, including the St. Charles Medical Center, the Warm Springs Health and Wellness Center and/or other relevant third parties" for AV1's "medical records including mental health and substance use related documents." ECF 35. Defense did not provide notice of this motion to AV1. The Court appropriately denied defendant's motion for issuance of the subpoenas. ECF 45.

AV1 was unaware that subsequent motions were made by defense for the issuance of third-party subpoenas for her protected, private and confidential information until the United States Attorney's Office received a voluminous amount of AV1's medical and mental health records on June 23, 2026.  The government had previously offered to work with defense counsel to the extent practicable to ensure that affected parties, such as AV1, receive proper notice of and subpoenas issued pursuant to defendant's request. ECF 39. Defendant did not employ the government for assistance in providing adequate notice to AV1. Had defendant employed the government to assist in ensuring AV1 received proper notice, AV1 would have objected to the defendant's motion(s). Defendant was put on notice that AV1 was represented by counsel on May 22, 2026. Counsel for AV1 did not received notice of motions for the issuance of third-party subpoenas for AV1's protected, private and confidential information. On June 23, 2026, AV1 located a letter from defense counsel dated June 12, 2026, that was sent to her father's PO Box and collected by a family member at some point but not provided to AV1.  That letter included a copy of the defendant's motion, but did not include the proposed order.

AV1 did not receive notice of the defendant's *ex parte* renewed motion for Rule 17(c)(3) subpoenas (ECF 48) and subsequent order allowing the service of the subpoenas, or any other *ex parte* filings.  Had AV1 been aware that defendant was applying for subpoenas for her medical

**VICTIM'S NUNC PRO TUNC MOTION TO QUASH SUBPOENAS AND OPPOSITION TO PERMITTING SERVICE OF SUBPOENAS FOR PERSONAL OR CONFIDENTIAL INFORMATION UNDER RULE 17(c)(3)**    **Page 2**

or mental health records she would have objected and asserted all available privileges protecting her protected, private and confidential information.

## B.    MOTION TO QUASH

Rule 17(c)(3), which allows the Court to order "a subpoena requiring the production of personal or confidential information about a victim" to "be served on a third party" only after requiring "giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object." Fed. R. Crim. P. 17(c)(3). This requirement is excused only in "exceptional circumstances."

This requirement implements the Crime Victim' Rights Act, 18 U.S.C. § 3771(a)(8). The Advisory Committee Notices to the 2008 Amendments explain the importance of the rule: "Third-party subpoenas raise special concerns because a third party may not assert the victim's interests, and the victim may be unaware of the subpoena. Accordingly, the amendment requires judicial approval before service of a subpoena seeking personal or confidential information about a victim from a third party. The phrase 'personal or confidential information,' which may include such things as medical or school records, is left to case development." *Id.*

The exceptional circumstance caveat is, appropriately, limited to include, for example, instances where "evidence . . . might be lost or destroyed if the subpoena were delayed or a situation where the defense would be unfairly prejudiced by premature disclosure of a sensitive defense strategy." *Id.* The Committee entrusted the reviewing Court to decide whether the exception applies and how to conduct the required inquiry, i.e. *ex parte*, *in camera*, etc. *Id.*

AV1 was not properly noticed of any subpoenas. As a result, she did not have the opportunity to object that Rule 17(c)(3) affords her. Had she been notified, she would have

made a timely objection.  Under the circumstances, AV1 asks this Court to hear her objections now and order the subpoenas quashed nunc pro tunc.

AV1 moves to quash the subpoenas both on the ground that Rule 17(c)(3)'s notice requirement was not fulfilled and on substantive grounds.  Namely, AV1 asserts all patient privacy privileges over her medical and mental health records.

AV1 has still not seen the *ex parte* subpoena requests, putting her in a disadvantaged position to lodge specific objections to the form or substance of the defendant's other requests. The publicly filed motion filed by defense on March 23, 2026, did not tailor the records sought to statements specific to the indicted conduct, but rather made a broadly-crafted request in an attempt to capture inadmissible character evidence, if any exists.  To the extent that the defendant's other subpoena requests are similarly-worded, AV1 objects on basis as well.

In order to grant a pretrial subpoena duces tecum in a criminal case, the court must be persuaded by the moving party:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Krane*, 625 F.3d 568, 574 (9th Cir. 2010) quoting *United States v. Nixon*, 418 U.S. at 699-700 (footnote omitted).

As the Ninth Circuit has noted, "Rule 17(c) was not intended as a discovery device, or to 'allow a blind fishing expedition seeking unknown evidence.'" *United States v. Reed*, 726 F2d 570, 577 (9th Cir. 1984) (quoting *United States v. MacKey*, 647 F2d 898, 901 (9th Cir. 1981)). A party seeking documents under Rule 17(c) must "clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity." *Nixon*, at 700.  Here, defendant struggles initially to identify

**VICTIM'S NUNC PRO TUNC MOTION TO QUASH SUBPOENAS AND OPPOSITION**        **Page 4**
**TO PERMITTING SERVICE OF SUBPOENAS FOR PERSONAL OR CONFIDENTAL**
**INFORMATION UNDER RULE 17(c)(3)**

information that would clear these hurdles. Defendant's initial subpoena is broad, seeking records from multiple agencies – some unknown. The language and scope of defendant's initial proposed subpoenas are dangerously overbroad and speculative, suggesting an attempt by defendant to sift through victim's personal records to find something that may be favorable to his defense – in direct conflict with the intent and purpose of Rule 17(c).

Furthermore, it is apparent that they contain information that is privileged pursuant to FRE 501, a privilege that AV1 has not waived and which she continues to assert.

## C.     REQUEST FOR PRODUCTION AND DESTRUCTION

In order to state more specific objections to the subpoena requests themselves or to seek protection of any records that have already been obtained by the defendant, AV1 asks this Court to order production of all subpoenas that have been issued by the defendant relating to AV1 and any materials returned to the defendant in response.  Furthermore, the victim requests that the defendant and the government be ordered to destroy any records relating to AV1 that are now in their possession as a result of any prior subpoenas issued in this case.

## D.     CRIME VICTIM'S RIGHT IN CRIMINAL CASES

Victims of crime are guaranteed the rights to protection from the accused and to be treated with fairness and with respect for dignity and privacy. *See, e.g.*, 18 U.S.C. § 3771(1)(1); 18 U.S.C. § 3771(a)(8).  AV1 has explicit standing to assert and seek enforcement of her rights. *See, e.g.,* 18 U.S.C. §§ 3771(d)(1), (3) (affording crime victims standing to assert and seek enforcement of their rights under the federal Crime Victims' Rights Act (CVRA).  And she preserves all federal privacy rights afforded by the Fourth Amendment.  *See United States v. Lefkowitz*, 285 U.S. 452, 464 (1932) ("The Fourth Amendment forbids every search that is unreasonable and is construed liberally to safeguard the right of privacy . . . Its protection

extends to offenders as well as to the law abiding."), abrogated on other grounds recognized, *Arizona v. Grant*, 556 U.S. 332, 351 (2009).

Exposing a victim's private matters is an age-old tactic used by abusers to silence their targets. The CVRA and courts have been working diligently in recent times to correct this and ensure victims' access to justice. *See, e.g.*, *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) ("Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment."); *see also* U.S. Dep't of Justice, Office of Justice Programs, Office for Victims of Crime, *New Directions From The Field: Victims' Rights and Services for the 21st Century* (1998), at 21, https://www.ncjrs.gov/ovc_archives/ directions/pdftxt/direct.pdf ("Privacy remains a critical concern of victims of sexual assault, and a primary factor in non-reporting.").

Not only may the substantive content of requested materials contain information that endangers the safety of the victim and put her at risk of harm from a criminal defendant, but the forced disclosure of information itself may result in harm being imposed on the victim as a result of defendant's subpoena for private information. *See, e.g.*, Ann Bartow, *A Feeling of Unease About Privacy Law*, 155 U. Pa. L. Rev. PENNumbra 52, 61 (2007) (stating that individuals may be "harmed in a significant, cognizable way when their personal information is distributed against their will").

AV1 should not be forced to face a Hobson's choice between accessing the criminal justice system in the aftermath of crime and safeguarding her rights to privacy, fair and respectful treatment, and protection. *See generally Polyvictims: Victims' Rights Enforcement as a Tool to Mitigate "Secondary Victimization" in the Criminal Justice System*, NCVLI Victim Law Bulletin (Nat'l Crime Victim Law Inst, Portland, Or), March 2013, *available at*

http://law.lclark.edu/live/files/13798-polyvictims-victims-rights-enforcement-as-a-tool.]

Of course, a criminal defendant's rights must also be ensured.  But the defendant does not have a right to pretrial discovery of the victim's  records. *See, e.g., Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) (providing that "[t]here is no general [federal] constitutional right to discovery in a criminal case, and *Brady* did not create one"); *Pennsylvania v. Ritchie*, 480 U.S. 39, 52-53 (1987) (plurality opinion) (providing that the Confrontation Clause is not a constitutionally compelled rule of pretrial discovery and explaining that cross-examination does not mandate "pretrial disclosure of any and all information that might be useful" for impeachment purposes); *Ritchie*, 480 U.S. at 57-58 (majority opinion) (recognizing that the Court "has never squarely held that the Compulsory Process Clause guarantees the right to [pretrial discovery]" and declining to reach the issue; but concluding that the Due Process Clause could provide the basis for the requested discovery in that case because, inter alia, a government agency had possession or control of the records at issue).

Following the Supreme Court's decision in *Ritchie*, 480 U.S. 39 (1987), lower courts across the country have similarly concluded that the Due Process Clause does not guarantee defendants access to all information sought in connection with pretrial discovery. *See e.g., United States v. Hach*, 162 F. 3d 937 (7th Cir. 1998) (distinguishing *Ritchie* and concluding that the Due Process Clause does not entitle defendant to an in camera review of a witness's medical and psychiatric records where the documents are not in the government's possession and, consequently, finding that "there can be no 'state action' … [or] violation of Fourteenth Amendment" in such instances, making a "failure to show that the records a defendant seeks are in the government's possession … fatal to the defendant's claim").

As a crime victim[1], AV1 properly appears before this Court opposing the pretrial, third-party subpoena duces tecums for her records and is entitled to seek full and meaningful enforcement of her rights.

Here, defendant seeks to obtain, through court authorized subpoenas, highly sensitive records of a victim of domestic violence. Contained within his request, the defendant seeks to obtain records which will undoubtedly contain confidential information about AV1's mental and emotional health.

## CONCLUSION

It is apparent that defendant has already received a breadth of AV1's medical and mental health records.  Now based on the private and confidential records defense has already received, they are requesting additional records based on the information contained within, without making a showing as to the relevancy or admissibility to the charged conduct that these records would have other than mere speculation. Defense has used the subpoena process as a fishing expedition in an attempt to drudge up any information that can be used to harass and intimidate AV1. This must stop.

For the foregoing reasons, AV1 respectfully requests this Court quash the subpoenas that have already issued, order any records obtained produced for AV1's inspection, and deny the defendant's supplemental motion for issuance of the additional third-party subpoena duces tecums for AV1's records.

Furthermore, AV1 moves the Court for an order for destruction of the private and

---

[1] AV1 is a "crime victim," as defined by law. See 18 U.S.C. § 3771(e)(2)(A) (defining "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia"). AV1 was sexually assaulted by the defendant in this case and is the named victim in the Government's indictment.

**VICTIM'S NUNC PRO TUNC MOTION TO QUASH SUBPOENAS AND OPPOSITION TO PERMITTING SERVICE OF SUBPOENAS FOR PERSONAL OR CONFIDENTIAL INFORMATION UNDER RULE 17(c)(3)**                    **Page 8**

confidential records that have already been received by defense and the government, as AV1 was not properly notified or heard on the matter. However, if the Court allows all or part of the defendant's subpoena requests, the victim respectfully requests that all records be ordered produced to her and subjected to an in-camera inspection by the Court and a protective order.

Additionally, AV1 asserts that her private and confidential records in defendant's possession are privileged under FRE 501 and inadmissible at trial.

DATED: July 25, 2026.                                                Respectfully submitted,

                                                                     /s/ Ashley R. Cadotte
                                                                     ASHLEY R. CADOTTE, OSB #122926
                                                                     2905 NE Broadway St.
                                                                     Portland, OR 97232
                                                                     971-804-0898
                                                                     ashley@ashleycadottelaw.com
                                                                              *Of Counsel for Victim*